**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael Anthony Fariss-Borello,

    Plaintiff,

v.

City of Scottsdale,

    Defendant.

No. CV-18-04852-PHX-SMB

**ORDER**

Defendant City of Scottsdale filed a Motion to Dismiss for Failure to State a Claim. (Doc. 10). Prior to the motion, however, the Complaint was never screened, as required by 28 U.S.C. § 1915(e)(2)(B). Previously, Plaintiff Michael Fariss-Borello ("Plaintiff") filed an Application for Leave to Proceed In Forma Pauperis, which the Court granted. (Docs. 2, 8). The Court will conduct that screening now, dismiss the Complaint (Doc. 1, "Complaint") with leave to amend, and deny Defendant's Motion as moot.

**I.    Legal Standards**

The Court must review the complaint to determine whether the action:

(i)    is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party

claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

## II. Statutory Screening

The basis for the complaint is difficult to decipher, but it appears Plaintiff is attempting to file a claim under 18 U.S.C. § 371—Conspiracy to commit offense or to defraud the United States. (Complaint at 1). Plaintiff cites that statute in the "Jurisdiction" portion of the complaint. (Complaint at 1). Among other things, the Complaint mentions the Scottsdale Police Department asking him about a neighbor who was applying to be an FBI agent, which the Office of Scottsdale Mayor Jim Lane told him was a federal program. He demands $50 million. (Complaint at 4).

The statute Plaintiff cites is a criminal statute. 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States, or to defraud the

United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."). Criminal statutes, however, "do not convey a private right of action." *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003); *see Fiorno v. Turner*, 476 F. Supp. 962, 963 (D. Mass. 1979) ([P]laintiff has failed to cite, and the court has been unable to locate, any authority which would support implying a civil cause of action for violations of [18 U.S.C. § 371]."). Therefore, Plaintiff has failed to state a claim on which relief can be granted.

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, however, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014); *see* Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]"); *Lopez v. Smith*, 203 F.3d 112, 1131 (9th Cir. 2000) (en banc) (holding that a pro se litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint) (internal quotation marks and citations omitted). Plaintiff's complaint must be amended to address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Examples of different types of complaints demonstrating the proper form can be found in the appendix of forms that is contained with the Federal Rules of Civil Procedure (forms 11–21).

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference.

**IV. Warning**

Plaintiff is advised that if he elects to file an amended complaint but fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (affirming dismissal when based on a plaintiff's failure to follow a Nevada district court local rule requiring him to file a memorandum of points and authorities in opposition to a motion).

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is dismissed with leave to file a Second Amended Complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint within thirty (30) days of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court; and

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2);

**IT IS FURTHER ORDERED DENYING** Defendant's Motion to Dismiss (Doc. 10) as moot.

Dated this 11th day of September, 2019.

Honorable Susan M. Brnovich
United States District Judge